%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of    ARIZONA

JOHN R. PICCINI, AN Individual

**SUMMONS IN A CIVIL CASE**

V.

WELLS FARGO AUTO FINANCE, INC.,
a California corporation;
TRANSUNION LLC, a business entity
domiciled in Delaware; and entities
1-20, and DOES 1-20, Inclusive

CASE

TO: (Name and address of Defendant)

    Wells Fargo Auto Finance, Inc.,
    a California corporation
    1350 Montego Way
    Walnut Creek, CA 94598

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Lundberg & Martinez
C. Ray Lundberg, Esq.
3575 McCormick Blvd., Suite E-103
Bullhead City, AZ 86429
(928) 404-4494

an answer to the complaint which is served on you with this summons, within   __20__   days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                            DATE

(By) DEPUTY CLERK

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John R. Piccini, an Individual

### DEFENDANTS
Wells Fargo Auto Finance, Inc., a California corporation; Transunion LLC, a business entity domiciled in Delaware; and

**(b)** County of Residence of First Listed Plaintiff: **Mohave**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Los Angeles**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lundberg & Martinez 3575 McCormick Blvd., Suite E-103, Bullhead City, AZ 86429 (928) 404-4494

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

Brief description of cause:
wrongful furnishing of credit information and failure to remedy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 10/02/208

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

C. Ray Lundberg, State Bar No. 025605
David H. Martinez, State Bar No. 021548
**LUNDBERG & MARTINEZ**
3575 McCormick Blvd., Suite E-103
Bullhead City, Arizona 86429

Ph# (928) 404-4494
Email: lundbergcary@hotmail.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN R. PICCINI, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO AUTO FINANCE, INC., a California corporation; TRANSUNION LLC, a business entity domiciled in Delaware; and ENTITIES 1-20, and DOES 1-20, Inclusive,<br><br>    Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. FAIR CREDIT REPORTING ACT<br>2. DEFAMATION<br><br>**JURY TRIAL DEMANDED** |

  COMES NOW Plaintiff, JOHN R. PICCINI, by and through the undersigned counsel and for his Complaint against the Defendants, complains and alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

  1. Plaintiff JOHN R. PICCINI ("Plaintiff") is a resident of County of Mohave, State of Arizona.

  2. The Defendants are foreign corporations residing in different states, where a substantial amount of the events or omissions giving rise to these claims took place in Mohave County.

3. United States District Court is the appropriate venue as the harm was done to the Plaintiff while he resided in Mohave County, Arizona.

4. Defendants have statutory agents for service of process within the State of Arizona.

5. Defendants are various forms of foreign business entities doing business from transactions performed in Arizona.

6. Defendants TRANSUNION LLC (TRANSUNION) is a "credit reporting agency" for purposes of the Fair Credit Reporting Act. TRANSUNION is a credit bureau which receives credit information about consumers, which then publishes such information in credit reports available to subscribers.

7. Defendant WELLS FARGO AUTO FINANCE, INC. (hereinafter WELLS FARGO) is a California corporation, and a creditor which, among other activities, reports allegedly delinquent debts or other status, such as whether or not accounts are included in a Chapter 13 bankruptcy to credit bureaus, and is a "furnisher" under the Fair Credit Reporting Act.

8. Disputes regarding the Fair Credit Reporting Act involve a federal question.

9. The Federal Court has jurisdiction over claims involving a federal question regardless of the amount in controversy, and without regard to diversity of citizenship.

10. Defendants, DOES 1-20 and ENTITIES 1-20 are individuals and business entities, forms unknown, doing business in the State of Arizona as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-20 and ENTITIES 1-20 include individuals or business entities doing business in the State of Arizona as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner or recording an inaccurate

credit account, even after the plaintiff notified them of false or inaccurate derogatory reporting, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

11. Plaintiff does not know the true names of and capacities of, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as ENTITIES 1-20 and DOES 1-20. Plaintiff is informed and believes and on that basis alleges that Defendants DOES 1-20 and ENTITIES 1-20 are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

12. Said officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

    a. Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

    b. Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

    c. Said officers, directors or managing agents of Defendants personally had close supervision or their agents, servants, employees and or joint venturers of Defendants;

    d. Said officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

    e. Said officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said officers, directors or managing agents of Defendants failed and refused to punish or

discharge the said agents, servants, employees and/or joint venturers of Defendants even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

13. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to the Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant or fictitiously named Defendant or otherwise, was expressly authorized or ratified, by each and every other Defendant herein, whether named or fictitiously named.

14. As to defamation, each erroneous transmission of the Plaintiff's credit report is a separate and distinct tort and or incident subject to limitation by A.R.S. Section 12-651.

15. The Plaintiff is a sophisticated business person having owned businesses and always enjoyed a good credit reputation prior to the acts alleged herein, with the exception of a Chapter 13 plan which was successfully completed in 1999.

16. The Plaintiff opened an account with Wells Fargo to lease a vehicle in 2005.

17. The Plaintiff made all of his payments on a timely basis while Wells Fargo erroneously reported to the other Defendants that the account was involved in a Chapter 13 bankruptcy, even though the Plaintiff did not have a bankruptcy at the time, and said account was never involved in a bankruptcy.

18. The actions of the Defendants prohibited the fresh start which is contemplated by the bankruptcy code, and it had been six years since the chapter 13 bankruptcy had been completed until the time the Wells Fargo account was opened.

19. Plaintiff attempted to work with Wells Fargo for months to remedy the problem, as the error was causing creditors to deny him the extension of credit when in reality the Plaintiff was very credit worthy.

20. The wrongful denial of credit has proximately caused actual damages, as well as attorneys' fees and costs and other damages specified within Plaintiff's complaint.

21. The Defendants have failed to follow reasonable procedures in preparing the Plaintiff's credit report, thereby causing a bad credit rating, which was false regarding the Plaintiff.

22. The defendants further practiced negligent information gathering procedures and failed to do what reasonably prudent persons would have done under the circumstances, especially in light of the importance of one's credit rating in commerce and in today's credit driven society.

23. The Defendants shared fiasco has contributed to the humiliation, embarrassment, and mental distress of the Plaintiff.

24. Future damages are also an appropriate remedy for the Plaintiff in the setting of the instant litigation.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### AGAINST ALL DEFENDANTS

25. Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. Defendant WELLS FARGO is a "furnisher" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, and TRANSUNION and any other credit bureau defendants are "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a(f).

27. During the period of time that WELLS FARGO was servicing Plaintiff's truck loan, Wells Fargo erroneously reported the loan to the various credit bureaus as being involved in a chapter 13 plan, thus activating WELLS FARGO'S obligations to the plaintiff under the Fair Credit Reporting Act. Upon information and belief, Plaintiff alleges that WELLS FARGO received dispute notices from Plaintiff, and one or more of the credit reporting agencies, and WELLS FARGO finally contacted the defendant credit reporting agencies after the Plaintiff had already been defamed and denied credit, and Defendant, TRANSUNION, failed to correct Plaintiff's account to show he was not involved in a Chapter 13 bankruptcy.

28. Plaintiff also sent his own letters requesting a correction to TRANSUNION, Equifax and Experian.

29. Despite Plaintiff's efforts to correct his credit report, WELLS FARGO continued to report the account falsely.

30. Upon information and belief, Plaintiff believes that WELLS FARGO may have tried to contact the defendant credit bureau companies to correct their errors, yet even after their own attempts to remedy the situation, WELLS FARGO continued to issue false derogatory credit reporting indicating the Plaintiff's account was involved in a Chapter 13 bankruptcy.

31. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit reports. Despite the insistence of the

Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations and corrective measures upon being notified of the errors.

32. Within the past two years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in at least the following respects:

  a. By willfully and negligently failing, in the preparation of the consumer report concerning the Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

  b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which Defendants knew, or should have known, was incomplete and/or inaccurate;

  c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

  d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the Defendants;

  e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

  f. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies, and;

  g. By willfully or negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to credit bureaus to be inaccurate and incomplete.

33. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. Pursuant to statute, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorneys' fees.

34. Plaintiff alleges that Defendants, and each of them, have willfully violated the Fair Credit Reporting Act with respect to Plaintiff and towards others similarly situated. Specifically, Defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be too intimidated to or too frustrated to continuously fight back against the constant onslaught of false reporting. These Defendants know their systems intimidate consumers so they will drop their claims even when a consumer knows they have a valid cause. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

**WHEREFORE** Plaintiff prays for the court to award:

a. Actual, general and special damages according to proof at trial;

b. Statutory penalties for each separate statutory violation where allowed by statute;

c. Punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

d. Future damages;

e. Damages to compensate for humiliation, embarrassment and mental distress, and;

f. Attorneys' fees and costs involved in having to bring this civil action; and

g. Such other and further relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

## SECOND CAUSE OF ACTION

## DEFAMATION

35. Plaintiff realleges and incorporates by reference each of the allegations set forth in Paragraphs 1 through 34 as though fully set forth herein.

36. Defamation requires a defamatory or false statement made of or concerning the Plaintiff that is negligently published by the publisher to third parties causing damages.

37. Each separate instance of publication is compensable.

38. WELLS FARGO and the other Defendants have ruined the Plaintiff's good name caused by publication of the false information suggesting the Plaintiff's truck loan was included in a non existent bankruptcy.

39. Even though the Plaintiff had not filed a chapter 13 bankruptcy after the time he opened his WELLS FARGO account in 2005, the bank erroneously reported a bankruptcy to Equifax, Trans Union and Experian, causing those companies to negligently republish the false statement.

40. The defamatory statement in question brought the Plaintiff into disrepute, contempt, and ridicule and impeached his honesty, integrity, virtue and reputation, hence the reason creditors would not extend him credit.

41. The defamatory statement was the proximate cause of third party banks and other creditors being deterred from associating with the Plaintiff.

42. The defamatory publication was understood to be of and concerning Plaintiff because it was published on his credit report which identifies the Plaintiff by name, address and social security number.

43. No defenses to the defamatory statement apply as in this type of defamatory setting a statement is not subject to absolute or qualified privilege.

44. By allowing this defamation to go on, Defendants have behaved recklessly, undoubtedly fueled by the unruly size of their organizations designed to cut costs and increase share value rather than emphasizing accuracy.

45. The Defendants lack of follow-up and complacency with the Plaintiffs credit reputation in conjunction with his repeated requests for correction, amount to willful defamatory statements.

46. Because of the willful publication by WELLS FARGO and the other Defendants in this lawsuit the Plaintiff is entitled to recover exemplary and punitive damages.

WHEREFORE, as a direct result of the Defendants' false publications and republications, the Plaintiff has sustained the following damages:

    a. General damages in the amount of $400,000.00;

    b. Special damages for pecuniary loss of $100,000.00;

    c. Punitive damages of no less than $500,000.00;

    d. Attorneys' fees and cost of the lawsuit; and

    e. Such other and further relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: October 3rd, 2008        LUNDBERG & MARTINEZ

By: _____
C. RAY LUNDBERG
Attorneys for Plaintiff

**VERIFICATION**

STATE OF ARIZONA      )
                     ) ss.
County of Mohave      )

JOHN R. PICCINI, having been duly sworn upon his oath deposes and says: That he is the Plaintiff in the above captioned matter; that he has read the foregoing Complaint, and that the contents therein are true to the best of his knowledge and information.

DATED: 9-24-08

_____
John R. Piccini

SUBSCRIBED AND SWORN TO before me, a notary public, this 24th day of September, 2008, by John R. Piccini.

TIMOTHY J. THIBODEAUX
Notary Public, State of Arizona
Mohave County
My Commission Expires
June 29, 2012

_____
Notary Public

My Commission Expires: June 29, 2012

1