**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R. Piccini, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>Wells Fargo Auto Finance, Inc., a California corporation; and Transunion LLC, a business entity domiciled in Delaware,<br><br>   Defendants. | No. CV 08-8125-PCT-DGC<br><br>**AMENDED ORDER** |

Defendant Wells Fargo Auto Finance, Inc. ("Wells Fargo") has filed a motion to dismiss, or, in the alternative, to stay this action and compel arbitration. Dkt. #21. A response and reply have been filed. Dkt. ##22-23. The Court will grant the motion for dismissal and compel arbitration.

**I.   Background.**

Wells Fargo is a California corporation that furnishes credit to consumers. Trans Union LLC is a Delaware limited liability company that receives and publishes credit information about consumers. Plaintiff John R. Piccini, a resident of Mohave County in Arizona, filed a Chapter 13 bankruptcy sometime in the 1990's. On February 1, 2005, Plaintiff entered a truck lease agreement with Wells Fargo.

Plaintiff commenced this action on October 2, 2008, alleging that Defendants published erroneous and financially harmful credit information about Plaintiff's long-

completed Chapter 13 bankruptcy. Dkt. #1. The complaint asserts two claims: violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (2006), and defamation.

**II.     Discussion.**

Plaintiff's lease agreement with Wells Fargo provides that "[a]ny controversy or claim between or among [the parties], including, but not limited to, those arising out of or relating to this lease . . . or any claim based on or arising from an alleged tort, shall at the request of either party be determined by arbitration." Dkt. #21-2 at 3. The agreement also provides that arbitration "shall be conducted in accordance with the United States Arbitration Act . . . and under the authority and rules of the American Arbitration Association." *Id.* On December 2, 2009, Wells Fargo requested that Plaintiff submit this controversy to arbitration and dismiss the complaint against Wells Fargo. Dkt. #21-3. Plaintiff did neither. *See* Dkt. ##21 at 2, 22 at 2. Wells Fargo now moves to dismiss this action, or, in the alternative, to stay this action and compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*

The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Absent a valid contract defense, the FAA "'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (emphasis in original).

Thus, a district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.* at 1130 (citing *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20 (9th Cir. 1999); *Republic of Nicar. v. Standard Fruit Co.*, 937 F.2d 469, 477-78 (9th Cir. 1991)). As a district court undertakes this determination, "'any doubts concerning the scope of

arbitrable issues should be resolved in favor of arbitration.'" *Simula*, 175 F.3d at 719 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983)).

Plaintiff does not dispute the validity of his agreement with Wells Fargo, nor does he contend that the arbitration clause is unenforceable. Dkt. #22 at 3. Instead, relying on *Hyde v. RDA, Inc.*, 389 F. Supp. 2d 658, 664 (D. Md. 2005), Plaintiff argues that his claims are not significantly related to the lease agreement to fall within the arbitration provision. Dkt. #22 at 4.

Plaintiff's reliance on *Hyde* is mistaken. In that case, a car dealer obtained an unauthorized consumer credit report in order to furnish a "pre-qualifying" credit offer to a prospective purchaser. *Hyde*, 389 F. Supp 2d at 661. The purchaser subsequently accepted the dealer's offer by signing an order form with an arbitration clause encompassing "all disputes, claims, or controversies arising from or relating to the Purchaser's *purchase of the Vehicle*." *Id.* (emphasis in original). The district court determined that no significant relationship existed between the arbitration clause and the purchaser's FCRA claim because the dealer's unauthorized credit inquiry pre-existed the order form; the dealer's violation of FCRA was a separate transaction antedating the parties' contractual relationship. *Id.* at 664.

Here, unlike *Hyde*, Plaintiff seeks recovery for credit reports published after he entered his agreement with Wells Fargo. Further, the arbitration clause is broader than in *Hyde* because it includes "[a]ny controversy or claim . . . *including, but not limited to,* those arising out of or relating to" the truck lease. Dkt. #21-2 at 3 (emphasis added).

Plaintiff also argues that the arbitration clause is inapplicable to at least *some* credit reports following the lease agreement because his contractual privity with Wells Fargo ended when he paid off the lease in June, 2008, and erroneous reports may have occurred after that time. Dkt. #22 at 5. Parties may, however, draft an arbitration clause broadly to reach "every dispute . . . having a significant relationship to the contract and all disputes having their origin or genesis in the contract." *See Simula*, 175 F.3d at 720-21 (giving expansive interpretation to an arbitration clause for claims "arising in connection with" a supplier's contract); *see also AT & T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 650 (1986) ("[A]n order to arbitrate

- 3 -

1 the particular grievance should not be denied unless it may be said with positive assurance
2 that the arbitration clause is not susceptible of an interpretation that covers the asserted
3 dispute.") (quoting *United Steelworkers*, 363 U.S. at 582-83).  In fact, parties may agree to
4 arbitrate disputes with only tenuous connections to their actual performance. *See*, *e.g., Kiefer*
5 *Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999) (noting that
6 arbitration clauses for disputes "arising out of or relating to" an agreement are "extremely
7 broad and capable of an extensive reach").  Even if Wells Fargo made some reports after the
8 lease had been paid in full, those reports related to and had their origin in the parties'
9 contractual relationship.

10 Finally, Plaintiff argues that arbitration should be non-binding because the agreement
11 does not expressly require binding arbitration. Dkt. #22 at 5.  The lease agreement provides,
12 however, that arbitration "shall be conducted . . . under the *authority and rules* of the
13 American Arbitration Association."  Dkt. #21-2 at 3.  Those rules contemplate binding
14 arbitration. Dkt. #23 at 6.  Moreover, the arbitration clause provides that any controversy will
15 be "determined by arbitration," clearly suggesting that the arbitration be binding. Dkt. #21-2
16 at 3.  The Court concludes that the lease agreement calls for binding arbitration.

17 In light of the federal policy favoring arbitration and the terms of the lease agreement
18 between Plaintiff and Defendant Wells Fargo, the Court will grant the motion to compel
19 arbitration and dismiss Plaintiff's claims against Wells Fargo.  *See Simula*, 175 F.3d at 726
20 (affirming dismissal in favor of arbitration).

21 **IT IS ORDERED:**

22 1. Defendant's motion to compel arbitration (Dkt. #21) is **granted**.  The parties
23 are directed, within 30 days of this order, to submit the matter to binding
24 arbitration before the American Arbitration Association.

2. Defendant's motion to dismiss (Dkt. #21) is **granted**.

DATED this 11th day of February, 2009.

*David G. Campbell*
United States District Judge